UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**RICHARD HARRIS,**

    Plaintiff,

v.                                                             Case No. 2:21-cv-646-SPC-NPM

**JAMES COTTE, JOHN DOE AND GILBERT NOE,**

    Defendants.

**ORDER**

Before the court are three motions filed by pro se plaintiff Richard Harris—a prisoner of the Florida Department of Corrections (FDOC)—directed at discovering a service address for defendant James Cotte and the identity of the John Doe defendant. The first two ask the court to order non-party FDOC to supply information to Harris. (Docs. 55 and 59). The third asks for a subpoena to be issued to him in blank, so that he can presumably serve it on the FDOC and thereby compel the production of information relevant to prosecuting his claims, including all known contact information for Cotte and information that identifies the John Doe defendant. (Doc. 67). The third motion, as well as a recently filed motion (Doc. 77), request an extension of time for Harris to facilitate service of process on Cotte and the Doe defendant.

The use of a subpoena is the proper route for Harris to obtain information from non-party FDOC. Federal Rule of Civil Procedure 45(a)(3) provides: "The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service." Harris also requests that a U.S. Marshal personally serve the subpoena, but that is not necessary. "Any person who is at least 18 years old and not a party may serve a subpoena." Fed. R. Civ. P. 45(b)(1). And in an IFP case such as this one, the "officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d).

Accordingly, Harris's first two motions to compel non-party discovery (Docs. 55 at 59) are **DENIED**, his third motion requesting the issuance of a subpoena in blank is **GRANTED in part**, and his motion for an extension of time (Doc. 77) is **GRANTED**. The clerk of court is **DIRECTED** to send Harris a signed but otherwise blank Subpoena to Produce Documents (AO Form 88B). Harris must complete the subpoena and return it to the clerk's office. The subpoena must provide for the document production to take place at least 14 days after its service. *See* Local Rule 3.04.

By **December 16, 2022**, Harris must return the completed subpoena to the clerk's office with a service address. Upon receipt, the clerk is **DIRECTED** to mail the completed subpoena and a copy of this order to that address by certified mail. Anticipating that the FDOC will seek protection concerning the address information

about the defendants, the FDOC may redact this information when producing documents to Harris and supply the address information to the clerk's office so the clerk may, in turn, prepare the requisite summonses and forward them to the Marshal, along with completed USM-285 forms.[1]

The time for Harris to facilitate service on Cotte and the Doe defendant is extended to **February 28, 2023**. **If Harris fails to timely comply, the court may dismiss the claims against the non-served defendants**.

**ORDERED** on November 30, 2022.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

---

[1] The clerk and the US Marshal may publicly file redacted versions of the summonses and service forms and file unredacted versions under seal.