UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

Richard Harris

    Plaintiff,

v.                                              **CASE NO.:** 2:21-cv-646-SPC-NPM

James Cotte, John Doe, and Gilbert Noe,

    Defendants.
_____/

## DEFENDANT, GILBERT NOE, M.D.'S, MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendant, Gilbert Noe, M.D., by and through undersigned counsel, hereby moves to dismiss Plaintiff's Amended Complaint (Doc. 132) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action. In support hereof, Dr. Noe states:

### Introduction and Summary of Arguments

Plaintiff, *pro se*, Richard C. Harris, is a prisoner presently incarcerated at the Suwannee Correctional Institute Annex. *See* FDOC's Offender Search page, http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=L24755&TypeSearch=AI (DC# L24755) (last accessed August 24, 2023).

Plaintiff has failed to state a cause of action against Dr. Noe for the violation of civil rights under 42 U.S.C. § 1983 for several reasons as summarized below.

First, Plaintiff failed to plead any facts that rise to the stringent requirements associated with a deliberate indifference claim; in fact, the facts he has pleaded are fatal to such a claim.

The allegations pertaining to Dr. Noe can be summarized thusly: Plaintiff claims he was seen and assessed by Dr. Noe on September 21, 2017 after an alleged altercation with corrections officers, that Dr. Noe sent Plaintiff to the infirmary on September 21, 2017 for observation and further assessment, that Dr. Noe ordered X-rays, that Dr. Noe gave Plaintiff a walker, that Dr. Noe housed Plaintiff in the infirmary for a number of days, and that Plaintiff was given a walker by Dr. Noe after leaving the infirmary.

Second, Plaintiff has alleged -- without any supporting facts -- that Dr. Noe somehow engaged in a conspiracy with corrections officers to falsify medical records in an effort to help security cover up alleged excessive force.

Plaintiff has failed to allege one fact establishing a causal connection between Dr. Noe's alleged cover-up/conspiracy and Plaintiff's deliberate indifference claim, a requirement under well-settled federal law. In fact, it appears as though Plaintiff's main allegation against Dr. Noe is that Dr. Noe failed to place a medical pass in Plaintiff's chart about the walker and that the lack of such a pass later led corrections officers to again use excessive force on Plaintiff. There is no causal relationship

between this medical pass issue and the second alleged excessive use of force claim in the Amended Complaint.

Even if such a causal connection had been alleged -- and it was not -- several federal courts have found that falsifying medical records does not state a federal constitutional violation. *See, e.g., Williams v. Ortega*, 318CV00547LABMDD, 2019 WL 5704684, at *2 (S.D. Cal. Nov. 4, 2019) (granting defendants' motion to dismiss against a *pro se* prisoner and finding that "[f]urthermore, the falsification of medical records, by itself, does not give rise to a deliberate indifference claim.")

Lastly, Plaintiff failed to timely and properly exhaust his administrative remedies regarding Dr. Noe prior to filing suit as required by the PLRA.

## I. Procedural Background & Factual Allegations

Plaintiff initiated this action on August 30, 2021, by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983; an Amended Complaint followed on August 10, 2023. (Doc. 1, Complaint; Doc. 132, Am. Complaint.)

Plaintiff alleged that two correctional officers, James Cotte and John Doe, used unnecessary force on September 21, 2017 while Plaintiff was incarcerated at Charlotte C.I. (Am. Complaint at pg. 3 of 15.).

Turning to the allegations against Dr. Noe, after Plaintiff was wheeled to medical on September 21, 2017, Plaintiff alleges that he was evaluated by Dr. Noe,

that Dr. Noe admitted Plaintiff to the infirmary, that Dr. Noe "prescribed a walker" for ambulation, and ordered X-rays. (*Id.* at pg. 6 of 15; Doc 132-1 at pg. 2 of 9.).

While Plaintiff claims that Dr. Noe "prescribed plaintiff treatment (use of walker)," he further alleges that Dr. Noe "interfered with prescribed treatment by not submitting required documentation (medical pass) to plaintiff's medical file, in order to cover up the injuries cause[d] by his co-workers['s] unnecessary use of force." (*Id.* at pg. 7 of 15.).

Plaintiff alleges that Dr. Noe admitted him to the infirmary on September 21, 2017 for observation. (*Id.*) Plaintiff claims that medical paperwork indicates that he was discharged from the infirmary on September 22, 2017, but that he was not actually discharged from the infirmary until October 4, 2017. (*Id.*) Plaintiff alleges that when he spoke to Dr. Noe about the walker, Dr. Noe assured Plaintiff that "he'll make sure I have my copy [of walker paper work] when plaintiff leaves the infirmary." (*Id.* at pg. 8 of 15.).

Plaintiff alleges that he spent several days in the infirmary and when he left he had a walker. (*Id.*). Plaintiff alleges that corrections officers later confiscated Plaintiff's walker after he left the infirmary because corrections officers believed the walker could be used as a weapon. (*Id.*) Plaintiff further alleges that because he did not have the walker, he was the victim of another use of force incident perpetrated by corrections officers. (*Id.*)

-4-

Based on Dr. Noe's alleged failure to fill out paper work indicating that Dr. Noe gave Plaintiff a walker, Plaintiff maintains this is evidence of inadequate medical care that constitutes deliberate indifference to plaintiff's medical needs and safety. Plaintiff also makes several vague allegations that Dr. Noe falsified medical records.

In terms of damages, Plaintiff requests that the Court enter a judgment declaring that the acts and omissions described in the Complaint violated plaintiff's rights, compensatory damages in the amount of $19,000 against "each defendant," punitive damages in the amount of $200,000 against each defendant, a jury trial, and "Plaintiff's cost in this suit." (*Id.* at pg. 5 of 15.).

## MEMORANDUM OF LAW

### II.    Motion to Dismiss Standard

"[T]o survive a motion to dismiss, a complaint must contain sufficient matter . . . to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 570 (2007)). The plausibility requirement requires more than the possibility a defendant acted unlawfully. *Iqbal*, 556 U.S. at 678. A complaint that merely pleads facts consistent with liability does not meet the plausibility standard. *Id.* To meet the plausibility standard, facts must raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555. Federal pleading rules require a complaint to provide

sufficient notice to a defendant regarding the causal connection between him and the plaintiff's claim. *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005).

Conclusory factual allegations, unwarranted deductions, claims that are internally inconsistent or can be disproven by facts of which the court can take judicial notice, and legal conclusions are not accepted as true for the purposes of a motion to dismiss. *Ellen S. v. Fla. Bd. of Bar Examiners*, 859 F. Supp. 1489, 1492 (S.D. Fla. 1994) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. "'[N]aked assertions devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). While *pro se* litigants are entitled to the benefit of having their pleadings liberally construed, a court cannot "act as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F. 3d 1359, 1369 (11th Cir. 1998) (overruled on other grounds by *Iqbal*).

In resolving a motion to dismiss under Rule 12(b)(6), a court ordinarily considers only the allegations within the four corners of the complaint and

documents attached thereto. *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F. 3d 1276, 1284 (11th Cir. 2007) (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F. 3d 1364, 1368 (11th Cir. 1997)). However, "a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment … if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F. 3d 1125, 1134 (11th Cir. 2002) (citing *Harris v. Ivax Corp.*, 182 F. 3d 799, 802 n.2 (11th Cir. 1999)). The same applies to a document attached to a plaintiff's response to a motion to dismiss. *Sosa v. Hames*, 218 F. App'x 976, 978 n.3 (11th Cir. 2007) (citing *Horsley*, 304 F. 3d at 1134; *Watson v. Bally Mfg. Corp.*, 844 F. Supp. 1533, 1535 n.1 (S.D. Fla. 1993)).

### III. Plaintiff's Deliberate Indifference Claim Against Dr. Noe Fails to State a Cause of Action, and His Prayer for Punitive Damages Fails Along Similar Lines

Plaintiff's Amended Complaint is a facially deficient Section 1983 claim for deliberate indifference that is predicated on the allegation that Dr. Noe rendered medical care on September 21, 2017 (and thereafter), that Dr. Noe housed the patient in the infirmary, ordered X-rays, furnished Plaintiff with a walker, but that Dr. Noe apparently failed to fill out paperwork authorizing Plaintiff to utilize the walker Plaintiff concedes Dr. Noe gave him.

Plaintiff vaguely alleges that Dr. Noe's alleged failure to properly fill out this paperwork is somehow evidence of a conspiracy to "falsify" his medical records

and cover-up an excessive force claim allegedly perpetrated by two corrections officers that pre-dated Dr. Noe's clinical involvement on September 21, 2017.

Plaintiff did not allege any facts that satisfy the stringent threshold for a constitutional deliberate indifference claim. In fact, the facts alleged in the Complaint -- e.g., that he was sent to the infirmary on September 21, 2017, evaluated by Dr. Noe, given a walker by Dr. Noe, that Dr. Noe housed Plaintiff in the infirmary for a number of days, that Dr. Noe gave Plaintiff a walker after leaving the infirmary, that Plaintiff used said walker, and that Dr. Noe ordered X-rays are all fatal to his deliberate indifference claims.

There are also no facts plead in the Amended Complaint which indicate that Dr. Noe was part of an alleged cover-up with corrections officers, other than Plaintiff's self-aggrandized allegation that Dr. Noe apparently never filled out paperwork authorizing the walker that Plaintiff concedes Dr. Noe gave to him.

Accordingly, the deliberate indifference claim against Dr. Noe in the Complaint should be dismissed for failure to state a cause of action.

### A. The Law

To state a cognizable deliberate indifference claim, Plaintiff must demonstrate that prison officials like Dr. Noe acted with deliberate indifference to serious medical needs under 42 U.S.C. § 1983. "Deliberate indifference is a state of mind more blameworthy than negligence." *Farmer v. Brennan*, 511 U.S. 825,

835 (1994). "[I]n the medical context, an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'" *Estelle v. Gamble*, 429 U.S. 79, 105-06 (1976).

Plaintiff must also satisfy an objective and subjective inquiry. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000)). First, a plaintiff must show an objectively "serious medical need," *Estelle*, 429 U.S. at 104, that, if left unattended, "pos[es] a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Plaintiff must also demonstrate that the prison official's response "to that need was poor enough to constitute 'an unnecessary and wanton infliction of pain,' and not merely accidental inadequacy, 'negligen[ce] in diagnosi[s] or treat[ment],' or even '[m]edical malpractice' actionable under state law." *Taylor*, 221 F.3d at 1258 (citing *Estelle*, 429 U.S. at 105-106).[1]

Importantly, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle,* 429 U.S. at 106. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.*

---

[1] "A corollary to this requirement for a great deal more than negligence is that a public official who does act reasonably in response to a serious medical need 'cannot be found liable under the Cruel and Unusual Punishments Clause.'" *Taylor*, 221 F.3d at 1258 n.5.

"In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.*

Likewise, "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment" does not support a claim of cruel and unusual punishment. *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) (citing *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977))). Where, as alleged here, "a governmental actor[] should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment." *Adams v. Poag*, 61 F. 3d 1537, 1545 (11th Cir. 1995) (citing *Estelle*, 429 U.S. at 107).

In the prison context, the Court must consider whether the matter is one of professional medical judgment. *Beard v. Banks*, 548 U.S. 521, 530 (2006). If it is a matter of professional judgment like the instant case -- i.e., Dr. Noe's decision to give a patient a walker that he apparently needed-- it does not represent cruel and unusual punishment. *Estelle*, 429 U.S. at 107-08. After all, federal courts "are generally reluctant to second guess medical judgments and to constitutionalize

-10-

claims which sound in state tort law." *Harris v. Thigpen*, 941 F. 2d 1495, 1507 (11th Cir. 1991) (quoting *Westlake v. Lucas*, 537 F. 2d 857, 860 n.5 (6th Cir. 1976)).

Moreover, when "*a prisoner receives medical attention, courts do not second guess the judgment of medical professionals.*" *Denton v. Transcor America, Inc.*, 1999 WL 33603122, at *3 (W.D. Ky. Jan. 15, 1999) (citing *Estelle,* 429 U.S. at 107) (emphasis added); *Harris,* 941 F.2d at 1507. As the Eleventh Circuit has stated, "we disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. Along with all other aspects of health care, this remains a question of sound professional judgment." *See Waldrop,* 871 F.2d at 1033 (citing *Bowring*, 551 F.2d 44 at 48).

In addition, Plaintiff "must also show a prison official's subjective intent to punish." *Bingham*, 654 F.3d at 1176 (citing *Taylor*, 221 F.3d at 1258). "To satisfy this requirement, a prisoner must show the prison official's: '(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence.'" *Bingham*, 654 F.3d at 1176 (citing *Brown*, 387 F.3d at 1351). Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all. *Id.*

**B.    Plaintiff Alleged that Dr. Noe Gave Him a Walker, that Plaintiff Used the Walker, and that Dr. Noe Failed to Fill Out Paperwork Documenting that Plaintiff Was Entitled to the Walker. This Cannot Serve as the Basis of a Deliberate Indifference Claim and Plaintiff's Prayer for Punitive Damages Fails Along Similar Lines.**

In the instant case, Plaintiff has failed to allege any facts that satisfy an Eighth Amendment deliberate indifference constitutional violation by Dr. Noe. With formulaic buzzwords eliminated from the equation, it appears that Plaintiff admits he needed a walker, that Dr. Noe gave him a walker, that Dr. Noe assessed the patient, ordered X-rays, housed the patient in the infirmary, discharged the patient with a walker, but that Dr. Noe allegedly failed to fill out internal paperwork regarding said walker. The fact that Plaintiff concedes on the face of his Amended Complaint that he received various assessments, care, treatment, diagnostic tests, and was given a walker under the direction of Dr. Noe and others is fatal to his deliberate indifference claim. *See, e.g.*, *Waldrop*, 871 F.2d at 1033; *Denton*, 1999 WL 33603122, at *3.

*Plaintiff* has apparently concluded that Dr. Noe did not fill out the proper paperwork pertaining to the walker. Assuming this allegation is true, this alleged administrative oversight cannot serve as the basis of a deliberate indifference claim, especially considering the fact that Plaintiff admits Dr. Noe gave him the walker and that Plaintiff later used the walker. There also is no nexus between the alleged failure

to fill out paperwork and a second use of excessive force incident that Plaintiff attributes to the failure to fill out paperwork.

For these same reasons, Plaintiff's claim for punitive damages should be dismissed and/or stricken. Recovery of punitive damages is limited to cases where a defendant's conduct is "outrageous, owing to gross negligence, willful, wanton, and reckless indifference for the rights of others, or behavior even more deplorable." *See, e.g.*, *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008). Based on the allegations discussed above, Dr. Noe's conduct is not greater than gross negligence. At most, Plaintiff's allegations show that Dr. Noe and others conducted a review of Plaintiff's medical records, assessed the patient, diagnosed the patient, furnished the patient with a walker, housed him in the infirmary for observation, ordered X-rays, but allegedly failed to fill out the proper paperwork related to the walker. Viewing the allegations in the Amended Complaint in a light most favorable to Plaintiff, this alleged conduct comes nowhere near the level required for punitive damages.

Accordingly, Plaintiff's ill-pleaded deliberate indifference and punitive damage claims should be dismissed for failure to state a cause of action.

## IV. **Plaintiff's Medical Records Falsification Claim Fails to State a Cause of Action and Several Federal Courts Have Recognized This**

Although unclear from the Amended Complaint, it appears as though Plaintiff has accused Dr. Noe of falsifying his medical records by failing to process the proper

-13-

paperwork for the walker that Dr. Noe authorized and that Plaintiff subsequently conceded he used for a considerable amount of time.

Assuming for the sake of argument that Dr. Noe did fail to administratively fill out the paperwork as alleged, this cannot form the basis of a constitutional violation.

A similar allegation of records falsification was made in *Williams v. Ortega*. 318CV00547LABMDD, 2019 WL 5704684, at *2 (S.D. Cal. Nov. 4, 2019). In *Williams*, a *pro se* prisoner claimed that a nurse falsified his medical records to make his injuries seem less serious. However, the District Court granted the defendants' motion to dismiss, concluding the plaintiff failed to state a claim, because "the falsification of medical records, by itself, does not give rise to a deliberate indifference claim." *Id.* at 2-3.

Other courts have reached the same conclusion as the District Court in *Williams v. Ortega, supra*, explaining that allegations of falsifying medical records may be relevant to a claim of deliberate indifference to serious medical needs, but there is no cognizable claim under the Eighth Amendment solely for falsifying medical records. *See, e.g., Gibbs v. Godina*, No. CV 18-697-RGK (PLA), 2019 WL 8064029, at 5 (C.D. Cal. Feb. 13, 2019*)*; *Phillips v. Borders*, No. EDCV 16-01568-MWF(JDE), 2017 WL 10543562, at 5 (C.D. Cal. May 5, 2017); *Crisp v. Wasco State Prison*, No. 13-01899, 2015 WL 3486950, at 5 (E.D. Cal. June 2,

2015); *Bartholomew v. Traquina*, No. CIV S-10-3145 EFB P, 2011 WL 4085479, at 3 (E.D. Cal. Sept. 13, 2011).

Or as another Court put it, "Plaintiff's conclusory statements that [a] report is false," and even if the report was "incomplete or false, that does not state a federal constitutional violation. There is no basis for a constitutional claim alleging the mere filing of a false report." *Moore v. Casselberry*, 584 F. Supp. 2d 580, 582 (W.D.N.Y. 2008) (citing *Freeman v. Rideout,* 808 F.2d 949, 951 (2d Cir.1986), *cert. denied,* 485 U.S. 982, 108 S.Ct. 1273, 99 L.Ed.2d 484 (1988); *Santana v. Olson,* No. 07–Cv–0098, 2007 WL 2712992, at *2 (W.D.N.Y. Sept. 13, 2007)).

Put simply, Plaintiff's allegation that Dr. Noe rendered care, furnished a walker to Plaintiff, but allegedly failed to fill out the proper administrative paperwork associated with said walker in an effort to allegedly "falsify" his medical records cannot form the basis of a constitutional claim against Dr. Noe. Likewise, it is unclear how the alleged failure to fill out the paperwork was causally connected to a second alleged excessive use of force claim involving corrections officers.

## V.     **<u>Plaintiff Failed to Exhaust His Administrative Remedies</u>**

Plaintiff failed to exhaust his administrative remedies pertaining to the allegations involving Dr. Noe. Accordingly, his section 1983 claims pertaining to Dr. Noe should be dismissed.

Pursuant to 42 U.S.C. § 1997e, Plaintiff cannot bring a civil claim under section 1983 until his administrative remedies are properly and completely exhausted. This is a mandatory requirement, and must be completed prior to filing suit. *See, e.g.*, *Alexander v. Hawk*, 159 F. 3d 1321, 1323 (11th Cir. 1998); *Smith v. Terry,* 491 F. App'x 81, 83 (11th Cir. 2012) (unreported op.) The requirement is not subject to waiver. *Alexander*, 159 F. 3d at 1325.

"Full and proper exhaustion" is required as a condition precedent to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85, 93 (2006). *All* claims must be exhausted before a lawsuit and *each* step of the prison's grievance procedures must be followed. *See Jones v. Bock,* 549 U.S. 199, 219-24 (2007). The district court is tasked with separating the exhausted claims from the unexhausted claims, dismissing the unexhausted claims, and proceeding forward on only the exhausted claims. *Id.* Failure to exhaust remedies should be raised on a motion to dismiss. *Bryant v. Rich,* 530 F.3d 1368, 1374-75 (11th Cir. 2008).

In *Turner v. Burnside*, the Eleventh Circuit established a two-step process for resolving motions to dismiss prisoner lawsuits for failure to exhaust. 541 F. 3d 1077, 1082 (11th Cir. 2008). First, district courts look to the factual allegations in the motion to dismiss and those in the prisoner's response, and if they conflict, takes the plaintiff's version of the facts as true. *Id.* The court should dismiss if the facts as stated by the prisoner show a failure to exhaust. *Id.*

Second, if the complaint is not subject to dismissal at the first step (where the plaintiff's allegations are assumed to be true), the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion. *Id.* (citing *Bryant*, 530 F. 3d at 1373-74, 1376). Defendant bears the burden of proving that the plaintiff failed to exhaust his available administrative remedies. *Id.* (citing *Jones*, 549 U.S. at 216). "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." *Id.* at 1083.

The grievance process applicable to Florida prisoners is set forth in Chapter 33-103 of the Florida Administrative Code. Under this process, a prisoner ordinarily must: (1) file an informal grievance with a designated prison staff member; (2) file a formal grievance with the institution's warden; and then (3) submit an appeal to the Secretary of the Florida Department of Corrections ("FDOC"). *See, e.g.*, *Dimanche v. Brown*, 783 F.3d 1204, 1211 (11th Cir. 2015); Fla. Admin. Code § 33-103.005-103.007. These steps must be completed in order, and within certain timeframes. Regarding administrative appeal procedure, Rule 33-103.011(c) of the Florida Administrative Code provides that inmate grievance appeals to the Office of the Secretary "*[m]ust be received within 15 calendar days from the date the response to the formal grievance is returned to the inmate.*" (emphasis added).

While Plaintiff has filed *countless* grievances over the years covering a range of issues, he has not properly exhausted his administrative remedies with respect to the allegations against Dr. Noe. The grievances he filed violated the one subject matter requirement, were filed well-outside the timelines required by the Florida Administrative Code, and there is no evidence that any of these formal grievances were timely appealed.

## Conclusion

For all the reasons set forth above, the allegations against Dr. Noe should be dismissed for failure to state a cause of action.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULES

I certify that this Motion to Dismiss complies with the twenty-five page limit and formatting requirements in Local Rule 3.01.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 24, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I provided the foregoing document by first-class U.S. mail to the following non-CM/ECF participant: Richard Harris (#L24755), Suwanee Correctional Institute Annex, 5964 U.S. Hwy. 90, Live Oak, FL 32060.

/s/ David W. Hughes
Ethen R. Shapiro (FBN 669881)
David W. Hughes (FBN 91482)
Hill Ward Henderson
P.O. Box 2231
Tampa, FL 33601-2231
(813)221-3900
(813)221-2900 – facsimile
Ethen.Shapiro@hwhlaw.com
David.Hughes@hwhlaw.com
*Attorneys for Defendant Gilbert Noe*

18615944v1