UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD HARRIS,

    Plaintiff,

v.                                                     Case No.:   2:21-cv-646-SPC-NPM

JAMES COTTE, JOHN DOE and
GILBERT NOE,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Defendant, Gilbert Noe, M.D.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. 136).

### Background

Plaintiff Richard Harris—a prisoner of the Florida Department of Corrections—filed this civil-rights action against two prison guards and a doctor. The Court recounts the factual background as pled in Harris's Amended Complaint, which it must take as true to decide whether the Complaint states a plausible claim. *See Chandler v. Sec'y Fla. Dep't of Transp., 695 F.3d 1194, 1198-99 (11th Cir. 2012)*.

On September 21, 2017, officer James Cotte was escorting Harris between dormitories in Charlotte Correctional Institution. When Harris realized what cell Cotte was taking him to, Harris said he could not be housed

on the top floor due to medical issues. Cotte and another official identified as John Doe each grabbed an arm and began dragging Harris towards the stairs. Harris resisted by sitting on the ground. Harris accuses Cotte and Doe of responding by "forcefully mashing [Harris] into the floor, dropping their weight on plaintiff, while bending and pulling his limbs at odd angles." (Doc. 132 at 6). A nurse evaluated Harris at the scene of the use of force and recorded a blood pressure of 240 over 180, and Harris was taken to the infirmary in a wheelchair.

Dr. Gilbert Noe evaluated Harris, prescribed him a walker, and ordered that he remain in the infirmary for observation. Harris was discharged on October 4, 2017. After Harris left the infirmary, security officers took the walker away from Harris and told him to walk to his cell. Harris sat on the ground and asked the officers to contact medical. Harris claims the officers used force—he does not elaborate on that—and escorted him back to the medical unit in a wheelchair. After speaking with medical staff, the security officers gave Harris a walker and housed him in an "ADA/single man cell." (Doc. 132 at 8). Harris was then transferred to the Reception and Medical Center for further treatment, though his transfer was delayed when an official refused to let Harris board the transport van with his walker.

Harris asserts an Eighth Amendment claim against Noe. Harris argues Noe should have, but did not, write a medical pass for the walker Noe

2

prescribed, and he accuses Noe of falsifying medical records in an attempt to cover up the September 21, 2017 use of force. Harris also sues Cotte and Doe. Doe has not been identified, and Cotte has yet to appear.

## Legal Standard

When considering a motion to dismiss under Rule 12(b)(6), courts must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The preferential standard of review, however, does not let all pleadings adorned with facts survive to the next stage of litigation. The Supreme Court has been clear on this point—a district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Harris files his Complaint under 42 U.S.C. § 1983. To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right

3

secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

## Discussion

In *Estelle v. Gamble*, the Supreme Court established that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment." 429 U.S. 97, 104 (1976). But not every claim of inadequate medical treatment gives rise to an Eighth Amendment violation. *Id.* at 105. Negligence in diagnosis or treatment—even if it constitutes medical malpractice—does not necessarily violate the constitution. *Id.* at 106.

"To prevail on a claim of deliberate indifference to serious medical need in violation of the [Eighth] Amendment, a plaintiff must show: '(1) a serious medical need; (2) the defendant['s] deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury.'" *Youmans v. Gagnon*, 626 F.3d 557, 563 (11th Cir.2010) (quoting *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009)). In the Eleventh Circuit, "[a] serious medical need is 'one that has been diagnosed by a physician as mandating

treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *Shaw v. Allen,* 701 F. App'x 891, 893 (11th Cir. 2017) (quoting *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003)).

Deliberate indifference has three components: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Bingham v. Thomas,* 654 F.3d 1171, 1176 (11th Cir. 2011) (internal quotation marks omitted). "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." *Id.* But "a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment does not support a claim of deliberate indifference." *Wilson v. Smith,* 567 F. App'x 676, 678 (11th Cir. 2014) (internal citation and quotation marks omitted). "Moreover, matters of medical judgment do not constitute deliberate indifference." *Id.* (citing *Estelle,* 429 U.S. at 107).

Harris fails to state a claim against Noe. Harris does not complain about the medical care he received. Noe evaluated Harris, prescribed him a walker, and kept him under observation in the infirmary for almost two weeks. Harris was then transferred to the Reception and Medical Center and received further treatment. Harris's claim against Noe stems solely from the paperwork, and

5

Harris does not identify any paperwork issue that negatively impacted the treatment he received. Specifically, Noe's failure to write Harris a medical pass for a walker did not prevent Harris from using the walker Noe prescribed. Although officers briefly took the walker away from Harris, they returned it to him after consulting medical staff.

What is more, Harris's claim that Noe attempted to cover up the September 21, 2017 use of force by falsifying records is not plausible. Harris points to an Emergency Room Record form created that day, which states, "No observable signs of injury." (Doc. 142-1 at 3). Harris argues that observation was false because he had very high blood pressure and was brought to the infirmary in a wheelchair. But the document includes both of those details, so it clearly was not meant to hide them. Nor could it be an attempt to cover up the use of force—it is explicitly a post-use-of-force exam record, and it describes the occurrence as a "spontaneous use of force." (*Id.* at 3). Any anyhow, a nurse wrote that document; Noe merely reviewed it.

Harris presents two other theories in his response to Noe's motion to dismiss. First, he points to Noe's role as a supervisor in the medical department. But it is well settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the acts of their subordinates. *Keith v. DeKalb Cty., Ga.*, 749 F.3d 1034, 1047 (11th Cir. 2014). Second, Harris accuses Noe of violating Florida Department of Corrections administrative rules. But

6

a violation of state law—rather than federal law—cannot be the basis for a § 1983 claim.

Harris's Amended Complaint fails to state a plausible Eighth Amendment claim against Dr. Noe.

Accordingly, it is now

**ORDERED:**

Plaintiff Richard Harris's claim against Dr. Gilbert Noe is **DISMISSED**. The Clerk is **DIRECTED** to terminate Noe as a party to this case.

**DONE** and **ORDERED** in Fort Myers, Florida on November 1, 2023.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record