UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD HARRIS,

     Plaintiff,

v.                              Case No.:  2:21-cv-646-SPC-NPM

JAMES COTTE and JOHN DOE,

     Defendants.

_____/

## OPINION AND ORDER

Before the Court are Defendant James Cotte's original and amended Motion to Set Aside Clerk's Default (Doc. 154 and Doc. 155) and Motion to Compel Discovery (Doc. 167) and Plaintiff Richard Harris's motions for default judgment (Doc. 156 and Doc. 158).

Harris is a prisoner of the Florida Department of Corrections (FDOC), and he commenced this action by filing a complaint in August 2021.  The case has been plagued by delay, and most of the docket activity has been *ex parte* litigation by the plaintiff.   Magistrate Judge Nicholas Mizell granted Harris leave to proceed *in forma pauperis*, so it became the Court's responsibility to serve the defendants.

On February 14, 2022, the court named a special appointee to serve Cotte at Charlotte Correctional Institution, where he worked when Harris's claim

arose.   The special appointee served former defendant Gilbert Noe but returned Cotte's summons unserved because he was no longer employed by the FDOC.   On November 11, 2022, Judge Mizell granted Harris's request for issuance of a subpoena to compel the FDOC to disclose a service address for Cotte.   The FDOC complied by submitting Cotte's address to the Court on February 13, 2023.   The Court mailed Cotte a request for waiver of service— tracking data shows the request was delivered on February 23, 2023.   Cotte declined to waive service, and a U.S. Marshal served him on June 1, 2023, by delivering the complaint and summons to Cotte's wife at his home.   (*See* Doc. 122).   Harris then filed an amended complaint, which the Court served on Cotte by mailing it to him on September 19, 2023.   Cotte did not answer the original or amended complaint, and the clerk entered default on December 6, 2023. Cotte now moves to set aside that default.

A court may set aside an entry of default for good cause.   Fed. R. Civ. P. 55(c).   There is no precise formula for good cause, but the Eleventh Circuit has recognized some general guidelines.   *Savoia-McHuch v. Glass*, 95 F.4th 1337, 1342 (11th Cir. 2024).   "Courts have considered these three factors: (1) whether the default was culpable or willful, (2) whether the defaulting party presents a meritorious defense, and (3) whether setting the default aside would prejudice the adversary."   *Id.* (cleaned up).   "If a party willfully defaults by displaying

either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *Id.*

Cotte has not shown good cause to set aside the default here. He states he immediately contacted his former assistant warden upon learning about the suit, and that he was informed the FDOC would handle the case. He does not state when he learned of the case or provide any other details to explain his default. Cotte argues he "should not be penalized for an error or failure in a process that he does not nor cannot control," (Doc. 155 at 3), but he does not identify any particular error or failure that caused him to default. It appears someone was monitoring the case on Cotte's behalf because his attorney entered her appearance the day after the default was entered. And while Cotte promptly attempted to address the *entry* of default, he made no attempt to cure his default during the preceding months despite his awareness of the case. The court finds that Cotte recklessly disregarded this judicial proceeding, so it will not set aside the default.

The Court turns to Harris's motions for default judgment. Harris is not entitled to default judgment based on the entry of default alone. The clerk may enter default judgment without a hearing "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation[.]" Fed. R. Civ. P. 55(b)(1). In all other cases, the court must conduct a hearing on damages before entering default judgment, unless "additional evidence would be truly

3

unnecessary to a fully informed determination of damages." *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).  Harris's claim is not for a sum certain, and additional evidence would help the Court determine damages.  Thus, the Court must hold a hearing before entering default judgment.  The Court will thus set a hearing by separate order and defer ruling on Harris's motions for default judgment until after the hearing.  The Court will also defer ruling on Cotte's Motion to Dismiss because it raises an issue the Court must determine when considering default judgment—namely, whether Harris's Amended Complaint states a plausible claim.

That brings us to Cotte's Motion to Compel.  Cotte asks the Court to order Harris to sign a release allowing Cotte's counsel to obtain Harris's medical records.  The motion claims Harris has repeatedly told Cotte's counsel he would sign a release and does not oppose the relief requested in the motion, but each time a release is put in front of Harris, he refuses to sign it.  In response, Harris explains he has refused to sign a release because he already signed such a release for former defendant Noe.  But Noe and Cotte are not represented by the same attorneys, and signing a release for Noe does not give Cotte access to the medical records.  Harris does not voice any objection to the release of his medical records or to the form of the release, which Cotte filed as pages 6 and 7 of Doc. 167-3.  The records covered by the proposed release form appear

relevant to the issues the Court expects to consider at the damages hearing. Thus, the Court will order Harris to execute the release.

In his response to Cotte's Motion to Compel, Harris complains that the FDOC has not fulfilled his request for his own medical records. After Cotte's counsel obtains the records, Harris could request copies via discovery. To expedite matters, the Court will order Cotte to provide Harris copies of all medical records obtained with the release.

Finally, now that this case has a clear path forward, the Court will order the parties to confer in a good faith effort to resolve all pending issues.

Accordingly, it is now

**ORDERED:**

1. Defendant James Cotte's Motion to Set Aside Clerk's Default (Doc. 154), as amended (Doc. 155), is **denied**.

2. Cotte's Motion to Compel Discovery (Doc. 167) is **granted**. Cotte shall provide Harris a release in the same form as Doc. 167-3 at 6-7. Harris shall promptly sign the form and return it to Cotte's counsel. Cotte's counsel shall provide Harris copies of any medical records obtained with the release.

3. On or before August 16, 2024, the parties shall meet and confer in a good faith effort to settle all pending issues and file a joint report to inform the Court whether the case settled.

**DONE** and **ORDERED** in Fort Myers, Florida on July 19, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record