UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD HARRIS,

    Plaintiff,

v.                                          Case No.:   2:21-cv-646-SPC-NPM

JAMES COTTE,

    Defendants.
_____/

## **OPINION AND ORDER**

Before the Court is Defendant James Cotte's Motion for Summary Judgment on Plaintiff's Motion for Default Judgment (Doc. 188). Plaintiff Richard Harris is a prisoner of the Florida Department of Corrections (FDOC), and he alleged Cotte injured his leg during a use of excessive force in September 2017. Cotte did not timely appear after being served with process, the Clerk entered default against Cotte, and Harris moved for default judgment. A damages hearing is set for March 17, 2025.

Cotte argues the Court should deny default judgment for three reasons. First, Cotte argues Harris's Amended Complaint failed to state a claim. This is Cotte's second challenge to the pleading sufficiency of Harris's Amended Complaint. In its January 28, 2025 Opinion and Order denying Cotte's motion to dismiss, the Court held that Harris stated a plausible excessive-force claim

under the Eighth Amendment. Nothing in Cotte's Motion for Summary Judgment changes the Court's conclusion. It remains the Court's judgment that the Amended Complaint states a claim.

Second, Cotte argues Harris's motions for default judgment are deficient because they do not include memorandums of law or discussions of the elements of Harris's claim. Until very recently, Harris was litigating this action without counsel, and he submitted the motions for default judgment himself. Documents filed *pro se* are to be liberally construed and held to a less stringent standard than papers filed by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also In re Parrott*, 118 F.4th 1357, 1363 n.2 (11th Cir. 2024). Under that liberal standard, Harris's motions for default judgment are not so deficient that he should be denied relief in this action. Harris's motions alone are not enough to support default judgment, but that is why the Court set a damages hearing.

And third, Cotte argues Harris's claim for damages is not supported by the record. Cotte has submitted prison records, medical records, declarations, videos of the incident, and Harris's deposition transcript in support of his motion. Cotte argues the evidence establishes that Harris did not require medical treatment, his injuries were mere temporary discomfort, and Cotte did not cause a visible or diagnosable injury. But the exhibits support Harris's claim that he had difficulty walking for years after the September 2017 use of

force, and they document years of medical treatment relating to Harris's legs. What is more, in a declaration filed in response to the motion, Harris states it took him about two years to regain the use of his legs. (Doc. 199). That is consistent with his deposition testimony. The parties genuinely dispute the extent of the injury Harris suffered from Cotte's use of force, and a damages hearing is necessary to resolve that dispute. *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

For these reasons, Cotte is not entitled to summary denial of Harris's request for default judgment. With that decided, the Court finds Cotte's Expedited Motion to Continue Evidentiary Hearing (Doc. 205)—which asks the Court to delay the hearing until after resolution of the summary judgment motion—moot.

Accordingly, it is

**ORDERED:**

Defendant James Cotte's Motion for Summary Judgment on Plaintiff's Motion for Default Judgment (Doc. 188) and Expedited Motion to Continue Evidentiary Hearing (Doc. 205) are **DENIED**.

**DONE and ORDERED** in Fort Myers, Florida on February 27, 2025.

*signature*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record